Jose Antonio Avila CABALLERO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–70450.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Hillel Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Jose Antonio Avila Caballero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reinstate his asylum application and denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reinstate an asylum application, *see Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869 (9th Cir.2003), and review de novo claims of due process violations in immigration proceedings, *see Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Avila Caballero's motion to reinstate his previously withdrawn asylum application because he failed to establish prima facie eligibility for asylum. *See Mendez–Gutierrez,* 340 F.3d at 869–70. It follows that failure to reinstate the asylum application did not violate Avila Caballero's due process rights. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (where there is no error there is no due process violation).

We lack jurisdiction to review the agency's discretionary determination that Avila Caballero failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). We also lack jurisdiction to consider Avila Caballero's contention that the agency misapplied relevant case law. *See Sanchez–Cruz,* 255 F.3d at 779 (holding that the "misapplication of case law" may not be reviewed).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.